# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, a non-profit corporation, as successor-in-interest to SCREEN ACTORS GUILD, INC., on behalf of Affected Performers,<br><br>Petitioner,<br><br>v.<br><br>SEPTEMBER DAWN, LLC; BLACK DIAMOND FINANCIAL GROUP, LLC; and CALIM PRIVATE EQUITY, LLC,<br><br>Respondents. | Case No. **2:17-cv-08866-SVW-MRW**<br><br>**JUDGMENT**<br><br>JS-6 |

The regularly noticed Motion for Order Confirming Arbitration Award and for Entry of Judgment in Conformity Therewith of petitioner Screen Actors Guild-American Federation of Television and Radio Artists, as successor-in-interest to Screen Actors Guild, Inc. came before the Court.

Having considered all of the pleadings and arguments submitted by the parties in connection with this motion, the pleadings and papers on file, and any oral and/or documentary evidence presented at the time of hearing:

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that judgment be

entered in this case as follows:

1. The arbitration award in favor of Screen Actors Guild-American Federation of Television and Radio Artists, as successor-in-interest to Screen Actors Guild, Inc., ("SAG-AFTRA") and against SEPTEMBER DAWN, LLC; BLACK DIAMOND FINANCIAL GROUP, LLC; and CALIM PRIVATE EQUITY, LLC ("Respondents"), Union Case No. 8000, dated December 10, 2013, is confirmed in all respects.

2. Respondents are ordered to pay as follows:
   (a) To Screen Actors Guild-American Federation of Television and Radio Artists, on behalf of affected performers, the sum of $32,167.62;
   (b) To Screen Actors Guild-American Federation of Television and Radio Artists for its attorney's fees incurred in this action, the sum of $2,400.00; and
   (c) To Screen Actors Guild-American Federation of Television and Radio Artists for its costs incurred in this action, the sum of $400.00.

3. Screen Actors Guild-American Federation of Television and Radio Artists is hereby granted an assignment of Respondents' accounts receivable from the distribution, exhibition, exploitation or other use of the motion picture entitled *"September Dawn"* anywhere in the world until the amounts due are paid in full.

4. SAG-AFTRA is authorized to engage in any of the remedial actions provided for in the Security Agreement.

5. The parties are to split any arbitrator fees.

Dated: January 11, 2018

_____
Judge of the United States District Court